UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

    Plaintiff,

                                                                     Criminal Case No. 11-20195
                                                                   Honorable Linda V. Parker

v.

JEREMY WILLIAM DEAN,

    Defendant.
_____/

**OPINION AND ORDER DENYING DEFENDANT'S MOTION UNDER 28 U.S.C. § 2255 (ECF NO. 35) AND DENYING AS MOOT DEFENDANT'S MOTION TO APPOINT COUNSEL (ECF NO. 40)**

On December 14, 2011, Defendant pleaded guilty pursuant to a plea agreement to one count of possession with intent to distribute marijuana in violation of 21 U.S.C. § 841(a)(1). On May 2, 2012, the Honorable Mark A. Goldsmith sentenced Defendant to 151 months of incarceration, and a Judgment was entered on May 4, 2012. (ECF No. 30.) Presently before the Court is Defendant's motion to vacate his sentence pursuant to 28 U.S.C. § 2255, filed May 22, 2017. (ECF No. 35.) Defendant seeks to vacate his sentence in light of the United States Supreme Court's decision in *Mathis v. United States*, 136 S. Ct. 2243 (2016). The Government filed a response to the motion on July 5, 2017, arguing

that the motion is barred by the statute of limitations in § 2255 and, alternatively, because it lacks merit. (ECF No. 38.)

A motion filed under § 2255 generally must be filed within one year of the date on which the judgment of conviction becomes final. 28 U.S.C. § 2255(f)(1). That deadline has long passed with respect to the May 4, 2012 Judgment in Defendant's case. However, the statute of limitations may also commence from "the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review[.]" 28 U.S.C. § 2255(f)(3).

The Sixth Circuit has held, however, that the Supreme Court's decision in *Mathis* does not announce a new rule of law. *In re Conzelman*, 872 F.3d 375, 376-77 (6th Cir. 2017); *see also Potter v. United States*, 887 F.3d 785, 788 (2018) ("*Mathis* involved an old rule of statutory law, not a new rule of constitutional law. It thus does not open the door for a second collateral attack."). The court relied on the Supreme Court's guidance in *Teague v. Lane*, 489 U.S. 288 (1989), that "a rule is not new if it is '*dictated* by precedent.'" *In re Conzelman*, 872 F.3d at 376 (emphasis in original) (quoting *Teague*, 489 U.S. at 301). The court then reasoned that "[t]he [Supreme] Court's holding in *Mathis* was dictated by prior precedent (indeed two decades worth)." *Id*. As the *Mathis* Court provided: "For more than 25 years, we have repeatedly made clear that application of [the Armed Career

Criminal Act] involves, and involves only, comparing elements. … And that rule does not change when a statute happens to list possible alternative means of commission[.]" 136 S. Ct. at 2257.

Because *Mathis* did not announce a newly recognized right, it did not restart the one-year limitations period for Defendant to file a motion under § 2255. In short, Defendant's motion is barred by the applicable statute of limitations.

Accordingly,

**IT IS ORDERED** that Defendant's Motion Under § 2255 to Vacate, Set Aside, or Correct Sentence (ECF No. 35) is **DENIED**;

**IT IS FURTHER ORDERED** that Defendant's Motion to Appoint Counsel (ECF No. 40) is **DENIED AS MOOT**.

                                              s/ Linda V. Parker
                                              LINDA V. PARKER
                                              U.S. DISTRICT JUDGE

Dated: July 16, 2018

I hereby certify that a copy of the foregoing document was mailed to counsel of record and/or pro se parties on this date, July 16, 2018, by electronic and/or U.S. First Class mail.

                                              s/ R. Loury
                                              Case Manager