UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

       Plaintiff,

                                     Criminal Case No. 11-20195
                                     Honorable Linda V. Parker

v.

JEREMY WILLIAM DEAN,

       Defendant.
_____/

**<u>OPINION AND ORDER DENYING DEFENDANT'S (1) MOTION FOR RELIEF FROM JUDGMENT PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 60(b)(1) OR, IN THE ALTERNATIVE, FOR CERTIFICATE OF APPEALABILITY [ECF NO. 42] AND (2) MOTION TO APPEAL IN FORMA PAUPERIS [ECF NO. 45]</u>**

On December 14, 2011, Defendant pleaded guilty pursuant to a plea agreement to one count of possession with intent to distribute marijuana in violation of 21 U.S.C. § 841(a)(1). On May 2, 2012, the Honorable Mark A. Goldsmith sentenced Defendant to 151 months of incarceration, and a Judgment was entered on May 4, 2012. (ECF No. 30.) Defendant filed a motion to vacate his sentence pursuant to 28 U.S.C. § 2255 on May 22, 2017, relying on the United States Supreme Court's decision in *Mathis v. United States*, 136 S. Ct. 2243 (2016). This Court denied Defendant's motion in an opinion and order entered July 16, 2018, concluding that it was barred by the statute of limitations in § 2255 because the Supreme Court's decision in *Mathis* did not announce a new rule of

law. (ECF No. 41.) The matter is presently before the Court on two motions filed by Defendant: (1) a motion for relief from judgment pursuant to Federal Rule of Civil Procedure 60(b) or, in the alternative for a certificate of appealability (ECF No. 42); and, (2) a motion to appeal in forma pauperis. (ECF No. 45.)

Rule 60(b) allows a party to seek relief from a final judgment under a limited set of circumstances including mistake or inadvertence. Misconstruing the Court's decision as evaluating his § 2255 motion under subsection (h) rather than (f), Defendant contends that the Court erred in finding his § 2255 motion time-barred. The Court, however, analyzed the timeliness of Defendant's motion under the correct statute.

Pursuant to § 2255(f), Defendant was required to file his § 2255 motion within one year of the date on which his judgment of conviction became final or "the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review."[1] 28 U.S.C. § 2255(f)(1), (3). The statute of limitations commencing from the date of Defendant's judgment of conviction had long expired when he filed his § 2255 motion. And, as the Court stated in its July 16, 2018 decision, *Mathis* did not announce a new rule of law applicable to cases on collateral review. As such, his motion was time-barred.

---

[1] Section 2255(f) lists additional events that trigger the running of the one-year limitations period, but none are applicable here.

With respect to Defendant's request for a certificate of appealability, 28 U.S.C. § 2253(c)(2) provides that "a certificate of appealability may issue only if the applicant has made a substantial showing of the denial of a constitutional right." A certificate of appealability with respect to a court's procedural ruling may issue only if the defendant shows that jurists of reason would find it debatable whether (1) he stated a valid claim of a denial of a constitutional right; and (2) the court was correct in its procedural ruling. *Slack v. McDaniel*, 529 U.S. 473, 484-85 (2000). Defendant fails to establish that this Court's procedural ruling was incorrect.

The Court further finds that an appeal of its ruling would be frivolous. As such, it is denying Defendant's request for leave to appeal in forma pauperis. *See* 28 U.S.C. § 1915(a)(3).

Accordingly,

**IT IS ORDERED** that Defendant's Motion for Relief from Judgment Pursuant to Federal Rule of Civil Procedure 60(b) or, in the alternative, for Certificate of Appealability (ECF No. 42) is **DENIED**;

**IT IS FURTHER ORDERED** that Defendant's Motion to Appeal in Forma Pauperis (ECF No. 45) is **DENIED**.

s/ Linda V. Parker  
LINDA V. PARKER  
U.S. DISTRICT JUDGE

Dated: November 7, 2018

I hereby certify that a copy of the foregoing document was mailed to counsel of record and/or pro se parties on this date, November 7, 2018, by electronic and/or U.S. First Class mail.

                                            s/ R. Loury
                                            Case Manager